UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA PETER, MICHAEL PETER, JULIKA BERGER, and JAROLIN BERGER, | Case No.: 2:21-cv-02026-APG-EJY |
| Plaintiffs, | **ORDER** |
| v. | **and** |
| SUSAN DIANE WOJCICKI, WILLIAM HENRY CATES, STEPHANE BANCEL, and ALBER BOURLA, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Pending before the Court is an application to proceed *in forma pauperis* that is signed by one individual but appears to be filed on behalf of four individuals. ECF No. 4. Also pending before the Court is a Complaint filed by four individuals who live in Austria, which names four individuals who are alleged to live in California as defendants. ECF No. 4-1.

The *in forma pauperis* application suggest that Maria Peter, the application's signatory, earns approximately $12,000 a year and receives an additional $5,000 a year in governmental support. The only expenses listed are $500 for housing and $100 for transportation each month. Plaintiff's Complaint alleges jurisdiction based on diversity of citizenship and asserts a claim of negligence related to events that are alleged to have occurred in New York, Massachusetts, California, and Washington State. *Id*. at 4.

Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action under *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987).

While the pending Complaint alleges diversity of citizenship, and therefore may, at least potentially, establish subject matter jurisdiction under 28 U.S.C. § 1332, the Court lacks personal

1   jurisdiction over the parties.  Personal jurisdiction is established when "(1) provided for by law; and

2   (2) the exercise of jurisdiction comports with due process."  *Southport Lane Equity II, LLC v.*

3   *Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634

4   F.2d 1204, 1207 (9th Cir. 1980).  "When no federal statute governs personal jurisdiction, a federal

5   court applies the law of the forum state."  *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th

6   Cir. 2008).  Where a state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the

7   fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only

8   address federal due process standards."  *Id*. *citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist.*

9   *Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539

10   F.3d at 1015.  Under these standards, a defendant must generally have "certain minimum contacts"

11   with the forum state before personal jurisdiction will be established.  *Int'l Shoe Co. v. Washington*,

12   326 U.S. 310, 316 (1945).  Personal jurisdiction over a party may be established through general or

13   specific jurisdiction.  *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia,*

14   *S.A. v. Hall*, 466 U.S. 408, 413–414 (1984).  In this case, however, Plaintiff pleads no facts in support

15   of Nevada's exercise of personal jurisdiction under either theory.  ECF No. 4-1.  Indeed, Plaintiff

16   fails to assert any facts alleging any party's relationship with the State of Nevada.  Plaintiff further

17   fails to allege any event or transaction of any kind occurred in the State of Nevada.

18          Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma*

19   *pauperis* (ECF No. 4) is DENIED.

20          IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 4-1) be dismissed

21   for lack of personal jurisdiction.

22          Dated this 21st day of December, 2021.

23

24   _____
     ELAYNA J. YOUCHAH
25   UNITED STATES MAGISTRATE JUDGE

26

27

28

2

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).